# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STEPHEN DELLINGER,<br><br>Plaintiff,<br><br>v.<br><br>ARENA EVENT SERVICES, INC.,<br><br>Defendant. | Case No. 26-CV-1527-JPS |
| GARY JENKINS,<br><br>Plaintiff,<br><br>v.<br><br>ARENA AMERICAS,<br><br>Defendant. | Case No. 26-CV-1625-BHL |

On September 8, 2026, Stephen Dellinger sued Arena Events Services, Inc. doing business as Arena Americas ("Arena") for failure to properly safeguard personally identifiable information from hackers. Case No. 26-CV-1527, ECF No. 1 (hereinafter "*Dellinger* Action"). Two days later, on September 10, 2026, Gary Jenkins sued Arena for inadequate safeguarding of private information. Case No. 26-CV-1625, ECF No. 1 (hereinafter "*Jenkins* Action"). The Dellinger Action is assigned to this branch of the Court, the Jenkins Actions is assigned to Judge Brett H. Ludwig. Both are putative class actions, and Plaintiffs have now moved for

an order consolidating the *Dellinger* Action and the *Jenkins* Action, and to appoint lead counsel. ECF No. 4.[1]

Because the lowest-numbered case is assigned to this branch of the Court, it must now decide the motions. CIV. L.R. 42(a). The Court has discretion to consolidate actions that "involve a common question of law or fact." FED. R. CIV. P. 42(a). More specifically, the Court need not "find that common questions of law or fact predominate, only that they exist and that consolidation will prove beneficial." *Habitat Educ. Ctr. Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008). Further,

> [a]lthough neither Rule 42 nor case law defines "common question of law or fact," the plain meaning of this phrase indicates that a common question is one that must be answered identically in each case in which it is presented. When common questions of law or fact are present, cases should be consolidated if consolidation will streamline the litigation without causing the parties undue prejudice. . . . In determining whether to consolidate, [the Court] consider[s] such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results.

*Id.* (internal citations omitted).

Upon consideration of the motions, the Court sees no barrier to granting them. Plaintiffs assert that their personally identifiable information held by Arena was disclosed in a data breach. ECF No. 4 at 2–3. The complaints raise common causes of action, seek certification of overlapping classes, and pursue similar remedies against Arena. Arena does not oppose consolidation. *Id.* at 2. The above-identified interests in judicial economy, efficiency, and consistency are well-served by consolidation.

---

[1]The Court cites only to the motion in the case currently before it, the *Dellinger* Action.

Accordingly, the motions to consolidate will be granted, and *Dellinger*, Case No. 26-CV-1527, and *Jenkins*, Case No. 26-CV-1625, will be consolidated together for all purposes under the title *In re Arena Event Services, Inc. Data Breach Litigation*. The case file for the consolidated action shall be maintained under Case No. 26-CV-1527, and all papers and pleadings in the consolidated action shall be filed thereunder.[2]

Plaintiffs also move to appoint Interim Co-lead Class Counsel. Under Federal Rule of Civil Procedure 23, the Court may designate interim lead counsel before the class is certified. FED. R. CIV. P. 23(g)(3). In appointing counsel, the Court "must consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the type of claims asserted in the action; (iii) counsel's knowledge of the applicable law, and (iv) the resources that counsel will commit to representing the class." FED. R. CIV. P. 23(g)(1)(A). Here, Plaintiffs move to appoint Tanner R. Hilton of Siri & Glimstad LLP and Daniel Srourian of Srourian Law Firm, P.C. as Interim Co-Lead Class Counsel. ECF No. 4 at 7. The Court is satisfied that Counsel Hilton and Counsel Srourian adequately meet these criteria. They have conducted investigation and research regarding potential claims, have significant experience in handling data privacy and class action cases, have extensive knowledge of the applicable law, and "are willing and able to expend the resources necessary to ensure the vigorous prosecution of the claims." *Id.* at 8–14. Accordingly, Hilton and Srourian are

[2]Should any paper or pleading be intended to apply to some but not all of the cases consolidated in this matter, that limitation should be apparent from the face of the paper or pleading, but the Court will not at this time prescribe a system of designation.

appointed Interim Co-Lead Counsel for all Plaintiffs and will continue to serve in this role until class certification is sought.

Additionally, the Court herein provides further instructions to the parties and counsel, both with the goal of ensuring the orderly and efficient disposition of this consolidated matter, and for the avoidance of doubt. First, Plaintiffs in the consolidated action must file an Amended Consolidated Complaint within **thirty (30) days** of this Order; such pleading will become the operative Complaint in this matter upon filing. Upon filing of the Amended Consolidated Complaint, Defendant shall have **forty-five (45) days** to answer or otherwise respond thereto. Should Defendant contemplate filing a motion to dismiss, the parties should carefully review the Court's Comprehensive Protocols and Procedures Order, ECF No. 7, for directives relevant to such motions. If such a motion is filed, the response and reply brief deadlines in Civil Local Rule 7(b)–(c) will apply unless the parties move for, and the Court approves, a different briefing schedule. The Court declines to adopt term three and terms five through eight of Plaintiffs' proposed order. Regarding term three, should a subsequent action be filed in this Court arising out of the same action, the appropriate action would be to raise a new motion to consolidate. Terms five through eight concern counsel responsibilities and communication between the parties that the Court need not address.

Accordingly,

**IT IS ORDERED** that Plaintiffs' unopposed motions to consolidate, *Dellinger* Action, Case No. 26-CV-1527, ECF No. 4, and *Jenkins* Action, Case No. 26-CV-1625, ECF No. 4, be and the same hereby are **GRANTED**;

**IT IS FURTHER ORDERED** that Case Nos. 26-CV-1527 and 26-CV-1625 be consolidated together for all purposes under the title *In re Arena Event Services, Inc. Data Breach Litigation*;

**IT IS FURTHER ORDERED** that the case file for the consolidated action shall be maintained under Case No. 26-CV-1527 and all papers and pleadings in the consolidated action shall be filed thereunder; all papers previously filed and served to date in each of the member actions are deemed part of the record in the consolidated action;

**IT IS FURTHER ORDERED** that Plaintiffs in the consolidated action shall file an Amended Consolidated Complaint within **thirty (30) days** of this Order;

**IT IS FURTHER ORDERED** that Defendant shall file a responsive pleading within **forty-five (45) days** of the filing of the Amended Consolidated Complaint; and

**IT IS FURTHER ORDERED** that Tanner R. Hilton of Siri & Glimstad LLP and Daniel Srourian of Srourian Law Firm, P.C. are appointed as Interim Co-Lead Counsel.

Dated at Milwaukee, Wisconsin, this 23rd day of October, 2026.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge